UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL BROWN,<br><br>        Plaintiff,<br><br>   vs.<br><br>GOVERNOR EDMUND G. BROWN, JR., et al.,<br><br>        Defendants. | 1:14-cv-00648-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 6.) |

## I. RELEVANT PROCEDURAL HISTORY

Joel Brown ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. ' 1983. Plaintiff filed the Complaint commencing this action on May 1, 2014. (Doc. 1.)

On June 4, 2014, the court issued an order denying Plaintiff's motion for a court order providing him with access to the prison law library. (Doc. 5.) On June 18, 2014, Plaintiff filed an objection to the order, which the court treats as a motion for reconsideration. (Doc. 6.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

1

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's arguments are unpersuasive. As Plaintiff was advised in the court's order of June 4, 2014, "[t]he court lacks jurisdiction to grant Plaintiff's motion" for access to the prison law library. (Doc. 2 at 1:25.) Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

///

///

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on June 18, 2014, is DENIED.

IT IS SO ORDERED.

    Dated:   **July 9, 2014**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE